UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE EDWARDS** | **CIVIL ACTION** |
| **v.** | **NO. 23-3353** |
| **NEW ORLEANS POLICE DEPT., ET AL.** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that, the habeas petition be **DISMISSED WITHOUT PREJUDICE.**

### I. State Court Factual and Procedural Background

Petitioner, Antoine Edwards, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On June 22, 2017, Edwards was charged by a bill of indictment with the second degree murders of Joshua Johnson and Ryan Johnson (counts one and two), and obstruction of justice in a second degree murder investigation (count three) all in violation of La. Rev. Stat. § 14:30.1.[1] Following a three-day trial, a unanimous jury found Edwards guilty as

---

[1] ECF No. at 1-2, Bill of Indictment dated June 22, 2017.

charged as to counts one and two.[2] On September 30, 2019, the trial court denied Edwards's post-trial motions and sentenced Edwards to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence, each sentence to run concurrent.[3] The state *nolle prosequied* the obstruction of justice charge.[4]

Edwards filed a writ application with the Louisiana Fourth Circuit on November 26, 2019 claiming ineffective assistance of counsel, denial of the right to speedy trial, withholding of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that he is a member of the Moorish Nation, and, therefore, is not governed by the laws of the United States.[5] On December 11, 2019, the Louisiana Fourth Circuit transferred the pleading to the state district court and ordered it to file and act upon the pleading.[6] On January 31, 2020, the state district court denied Edwards's omnibus motion.[7] Edwards did not seek review of that order.

Edwards next filed two pleadings entitled "Omnibus Motion" and "Omnibus Motion and Writs" with the Louisiana Fourth Circuit claiming malicious prosecution, ineffective assistance of counsel, malfeasance, withholding of exculpatory evidence, and that he is a Moorish citizen and therefore not governed by the laws of the United States.[8] On June 4, 2020, the Louisiana Fourth

---

[2] ECF No. 30-1 at 405, minute entry dated September 10, 2019; id. at 406, minute entry dated September 11, 2019; id. at 407, minute entry dated September 12, 2019; ECF No. 30-3 at 5-32, trial transcript of September 10, 2019; id. at 33-225; trial transcript of September 11, 2019; ECF No. 30-4 at 5-120, trial transcript of September 12, 2019.
[3] ECF No. 30-1 at 402, minute entry dated September 30, 2019; id. at 190-93, Motion for New Trial and/or for Post-Verdict Judgment of Acquittal filed September 30, 2019; ECF No. 30-4 at 121-44, sentencing transcript of September 30, 2019.
[4] ECF No. 30-1 at 402, minute entry dated September 30, 2019; ECF No. 30-4 at 121-44, sentencing transcript of September 30, 2019.
[5] ECF No. 30-13 at 3-10, 4th Cir. Writ Application, 2019-K-1032, filed November 26, 2019.
[6] State v. Edwards, No. 2019-K-1032 (La. App. 4th Cir. Dec. 11, 2019); ECF 30-13 at 1-2.
[7] ECF No. 30-1 at 175-85, Judgment dated January 31, 2020; ECF No. 30-1 at 400, minute entry dated January 31, 2020.
[8] ECF No. 3-14 at 2-3, Omnibus Motion filed May 17, 2020; id. at 4-35, Omnibus Motion & Writs filed May 17, 2020.

Circuit found the claims to be premature, directed Edwards to file application for post-conviction relief seeking an out-of-time appeal, and denied his writ application.[9]

On September 4, 2020, Edwards filed a pro se post-conviction application seeking an out-of-time appeal, although it was not received by the state district court until November 24, 2020.[10] On November 13, 2020, he filed an amended supplemental brief with the Louisiana Fourth Circuit.[11] On November 17, 2020, the Louisiana Fourth Circuit transferred the pleading to the state district court for consideration as an application for an out-of-time appeal.[12] On March 31, 2021, the state district court granted Edwards's request for an out-of-time appeal.[13]

Edwards filed pleadings entitled "Response to Judgment," "Omnibus Motion: Writ of Error, Writ of Mandamus, Motion to Dismiss Avernment of Jurisdiction," and "Omnibus Motion, Motion of Exoneration and Renumeration, Declaratory Judgment, Direct Verdict, Decision of Merits, Declaration Action of Degree of Relief, Writ of Mandamus Final Decision of Judgment."[14] The state district court denied those motions.[15]

Edwards filed a pleading with the Louisiana Fourth Circuit entitled "Merit of Claim, Direct Verdict, Respond/Answer."[16] On April 28, 2021, the Louisiana Fourth Circuit did not consider the writ application as Edwards failed to specify specific relief.[17]

---

[9] State v. Edwards, No. 2020-K-0257 (La. App. 4th Cir. June 4, 2020); ECF No. 30-14 at 1.
[10] ECF No. 30-1 at 218-20, Post-Conviction Application Seeking an Out-of-Time Appeal signed September 4, 2020; See ECF No. 30-1 at 397, Docket Master Entry dated November 24, 2020.
[11] ECF No. 30-1 at 196-205, Amended Supplemental Brief filed November 13, 2020.
[12] State v. Edwards, No. 2020-K-0594 (La. App. 4th Cir. Nov. 17, 2020); ECF No. 30-1 at 195.
[13] ECF 30-1 at 124-26, Judgment of March 31, 2021; id. at 114, minute entry dated March 31, 2021.
[14] ECF No. 30-1 at 142-51, "Omnibus Motion: Writ of Error, Writ of Mandamus, Motion to Dismiss Avernment of Jurisdiction" filed February 5, 2021; id. at 135-39, "Omnibus Motion, Motion of Exoneration and Renumeration, Declaratory Judgment, Direct Verdict, Decision of Merits, Declaration Action of Degree of Relief, Writ of Mandamus Final Decision of Judgment" signed March 7, 2021.
[15] ECF No. 30-1 at 124-26, Judgment of March 31, 2021.
[16] ECF No. 30-16 at 2-25, "Merit of Claim, Direct Verdict, Respond/Answer" signed March 23, 2021.
[17] State v. Edwards, No. 2021-K-0223 (La. App. 4th Cir. April 28, 2019); ECF No. 30-16 at 1.

On April 22, 2021, Edwards filed an untitled pleading with the Louisiana Fourth Circuit seeking to have the charges for which he was convicted dismissed.[18] On April 28, 2021, the Louisiana Fourth Circuit noted that Edwards had been granted an out-of-time appeal and that the claims in his writ applications were conducive to review on appeal, and denied writs.[19]

On May 6, 2021, Edwards filed a pleading with the Louisiana Fourth Circuit entitled "habeas corpus" seeking to be exonerated and alleging claims of malicious prosecution, ineffective assistance of counsel, suggestive identification procedure, and tainted warrants.[20] On May 26, 2021, the Louisiana Fourth Circuit found Edwards's claims were more conducive to review on direct appeal and denied writs.[21]

On October 18, 2021, Edwards's appointed counsel filed an appellate brief.[22] Edwards filed a pro se brief.[23] On February 16, 2022, the Louisiana Fourth Circuit Court of Appeal affirmed Edwards's convictions and sentences.[24] The Louisiana Supreme Court denied Edwards's counseled writ application on May 10, 2022.[25] Edwards filed a pro se writ application with the Louisiana Supreme Court which refused to consider it, finding it to be untimely on May 10, 2022.[26] The Louisiana Supreme Court denied Edwards's application for reconsideration on September 27, 2022.[27] The United States Supreme Court denied Edwards's petition for writ of certiorari on April 3, 2023.[28]

---

[18] ECF No. 30-15 at 2-25, Untitled Pleading filed April 22, 2021.
[19] State v. Edwards, No. 2021-K-0219 (La. App. 4th Cir. April 28, 2019); ECF No. 3-15 at 1.
[20] ECF No. 30-17 at 3-13, Habeas Corpus, 2021-K-0256, filed May 6, 2021.
[21] State v. Edwards, No. 2021-K-0256 (La. App. 4th Cir. May 26, 2021); ECF 30-17 at 1-2.
[22] ECF 30-5 at 1-31, Appellate Brief, 2021-KA-0494, dated October 18, 2021.
[23] ECF No. 30-6 at 1-9, Pro Se Brief, 2021-KA-0494, filed October 25, 2021.
[24] State v. Edwards, 336 So.3d 479 (La. App. 4th Cir. 2022); ECF 30-9 at 1-26.
[25] State v. Edwards, 337 So. 3d 908 (La. 2022); ECF No. 30-31 at 1.
[26] State v. Edwards, 338 So. 3d 1184 (La. 2022);ECF No. 30-32 at 1.
[27] State v. Edwards, 346 So. 3d 805 (La. 2022); ECF No. 30-32 at 2.
[28] Edwards v. Louisiana, 143 S. Ct. 1087 (2023).

Edwards filed a writ application with the Louisiana Fourth Circuit on May 4, 2022.[29] On June 13, 2022, the Louisiana Fourth Circuit denied writs, finding that "[b]ecause relator's appeal is final, he must seek relief in post-conviction proceedings pursuant to La. C.Cr.P. art. 924 *et seq*."[30]

Edwards filed pleadings entitled "Omnibus-Post Conviction Relief" and "Amend Supplemental Brief."[31] On June 1, 2022, the state district court denied relief.[32] On July 5, 2022, Edwards filed a writ application seeking review of the state district court's June 1, 2022 judgment.[33] The Louisiana Fourth Circuit denied relief on August 12, 2022.[34] On August 9, 2022, Edwards filed another writ application.[35] On August 23, 2022, the Louisiana Fourth Circuit denied Edwards's writ application, finding it successive as it related to his previous filing which was denied by the court on August 12, 2022.[36] The Louisiana Supreme Court did not consider Edwards's related writ application, finding it not timely filed pursuant to La. Sup. Ct. R. X § 5(a).[37]

On October 11, 2022, Edwards filed a writ application with the Louisiana Fourth Circuit.[38] On October 19, 2022, the Louisiana Fourth Circuit, in denying the writ application, found Edwards's claims were repetitive and, to the extent he sought relief under Ramos v. Louisiana, 140 S.Ct. 1390 (2020), he had not shown that he was convicted by a non-unanimous jury.[39]

---

[29] ECF No. 30-18 at 2-14, 4th Cir. Writ Application, 2022-K-0370. filed May 4, 2022.
[30] State v. Edwards, No. 2022-K-0370 (La. App. 4th Cir. June 13, 2022); ECF No. 30-18 at 1.
[31] ECF No. 30-1 at 29-16, "Omnibus Post-Conviction Relief" signed April 10, 2022; id. at 17-28, Memorandum in Support signed April 10, 2022; id. at 29-36 Supplemental Brief filed April 20, 2022.
[32] ECF No. 30-1 at 6-8, Judgment of June 1, 2022.
[33] ECF No. 30-19 at 2-156, 4th Cir. Writ Application, 2022-K-0529, filed July 5, 2022.
[34] State v. Edwards, No. 2022-K-0529 (La. App. 4th Cir. Aug. 12, 2022); ECF No. 30-19 at 1.
[35] ECF No. 30-20 at 2-12, 4th Cir. Writ Application, 2022-K-0546, filed August 9, 2022.
[36] State v. Edwards, No. 2022-K-0546 (La. App. 4th Cir. Aug. 23, 2022); ECF No. 30-20 at 1.
[37] State v. Edwards, 360 So. 3d 1256 (La. 2023).
[38] ECF No. 30-21 at 2-75, 4th Cir. Writ Application, 2022-K-0678, filed October 11, 2022.
[39] State v. Edwards, No. 2022-K-0678 (La. App. 4th Cir. Oct. 19, 2022); ECF No. 30-21 at 1.

On November 22, 2022, the Louisiana Supreme Court refused to consider Edwards's writ application, finding "Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review.  La.S.Ct.R. X § 5(b)."[40]

On July 29, 2022, Edwards, who describes himself as a sovereign Moorish American National,[41] filed his first federal application seeking habeas corpus relief.[42]  On March 2, 2023, the petition was dismissed without prejudice because it included both exhausted and unexhausted claims.[43]  On June 19, 2023, the Fifth Circuit denied Edwards's request for a certificate of appealability.[44]

On April 26, 2023, Edwards filed a pleading with the Middle District of Louisiana entitled "Petition Complaint Attached Exhibits."[45]  On August 8, 2023, that court found that Edwards was seeking a writ of habeas corpus and transferred the case to this Court.[46]  Edwards submitted a memorandum in support of his petition on August 14, 2023.[47]  On August 15, 2023, the Clerk of Court sent Edwards a notice of deficient filing requiring him to submit habeas corpus petition on

---

[40] State v. Edwards, 350 So. 3d 183 (La. 2022).  Edwards's related writ application could not be located in the state court record.

[41] "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." United States v. Weast, 811 F.3d 743, 746 n.5 (5th Cir. 2016); see also Gravatt v. United States, 100 Fed. Cl. 279, 282-83 (Fed. Cl. 2011) (explaining the "sovereign citizen" belief system); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives).  It has been repeatedly held that "[s]overeign-citizen legal arguments ... are indisputably meritless." Westfall v. Davis, Civ. Action No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), adopted, 2018 WL 2414794 (N.D. Tex. May 29, 2018); accord United States v. Austin, Crim. Action No. 13-194, 2018 WL 6326435 (E.D. La. Dec. 12, 2018); LaVergne v. USA, No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018) ("Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit."), adopted, 2018 WL 2747058 (W.D. La. June 7, 2018); El v. Louisiana, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017); Mason v. Anderson, Civ. Action No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).

[42] Case No. 22-cv-2199-"J"(1) at ECF No. 3.

[43] Edwards v. Hooper, Civ. Action No. 22-2199, 2023 WL 2330074 (E.D. La. March 2, 2023).

[44] Edwards v. Hooper, 23-30164, 2023 WL 6162805 (5th Cir. June 19, 2023).

[45] ECF No. 1.

[46] ECF No. 3.

[47] ECF No. 7.

the approved form and to either pay the filing fee or submit a motion to proceed in forma pauperis.[48]

On August 19, 2023, Edwards submitted his habeas application on the approved form along with a rambling, largely incoherent memorandum in support thereof.[49] At that time he also submitted a motion to proceed in forma pauperis which was granted on August 31, 2023.[50] Since that time, Edwards has submitted a myriad of motions and memoranda which are handwritten in a stream-of-consciousness manner and are disjointed, repetitious, and generally unintelligible.[51] The state filed a response in which it claims that Edwards's habeas petition is untimely.[52]

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[48] ECF No. 6.
[49] ECF No. 8; ECF No. 8-1. Edwards dated his petition August 19, 2023. ECF No. 8 at 15.
[50] ECF Nos. 9 and 10.
[51] ECF Nos. 12, 13, 15, 16, 18, 20, 21, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36 and 37.
[52] ECF No. 29.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In its response, the state argues that Subsection A is controlling in the instant case. Regarding that subsection, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied Edwards's direct-review writ application on May 10, 2022.[53] The state apparently overlooked that the United States Supreme Court denied Edwards's petition for certiorari on April 3, 2023.[54] That is the date on which Edwards's conviction became final. See Geisberg v. Cockrell, 288 F.3d 268 (5th Cir. 2002) (for purposes of the AEDPA, a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); Crutcher v. Cockrell, 301 F.3d 656, 657 (5th Cir. 2002) (same); Hoffman v. Louisiana, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied). His federal limitations period then commenced on that date and is not set to expire until one year later on April 3, 2024.

Edwards filed a pleading challenging his conviction and sentence on April 26, 2023.[55] While Edwards did not file his habeas petition on the approved form until August 19, 2023, less

---

[53] The out-of-time appeal reset the habeas clock. Jiminez v. Quarterman, 555 U.S. 113, 121 (2009).
[54] Edwards, 143 S. Ct. at 1087.
[55] ECF No. 1.

8

than five months of the limitations period had run. Thus, his federal application was timely filed regardless of which date is utilized.

### III. Exhaustion

For the reasons that follow, the record reflects that Edwards has not exhausted state court review of at least some of his claims. The Court places Edwards on notice that it is sua sponte addressing his failure to exhaust state court remedies. Accord Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009) (citing Day v. McDonough, 547 U.S. 198, 209-10 (2006) and Magouirk, 144 F.3d at 358) (a district court may sua sponte raise failure to exhaust if it gives notice of and an opportunity to respond to the exhaustion issue); see also 28 U.S.C. § 2254(b)(3) (the state's failure to raise exhaustion is not a waiver of the defense). **Accordingly, Edwards is hereby specifically instructed that this report and recommendation is notice to him that this Court is sua sponte addressing the issue of failure to exhaust state court remedies and that he must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report**. See Magouirk, 144 F.3d at 360.

It is black letter law that, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). For that requirement to be satisfied, a federal petitioner must have provided the state's highest court with "a fair opportunity to pass upon the claim" by presenting the claim to that court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).

Moreover, it is clear that the exhaustion requirement must be met with respect *to each and every claim* in a petitioner's federal application. See Rose v. Lundy, 455 U.S. 509, 520 (1982)

("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." (emphasis added) ). If a petitioner's federal application contains both exhausted and unexhausted claims, then the application is considered a "mixed" petition subject to immediate dismissal. See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions." ); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Therefore, when faced with what appears to be a mixed petition, a court normally first attempts to identify each claim being asserted in the federal application and then next determines whether each of those claims was fairly presented to the state's highest court. Unfortunately, that approach simply is not feasible here. It is true that Edwards enumerates four claims on the approved form: (1) violation of speedy trial; (2) malicious prosecution in violation of due process; (3) a Brady violation; and (4) lack of jurisdiction and venue.[56] At the same time, as noted, in addition to the approved form, he has filed eighteen pleadings with over 250 pages of arguments. Edwards appears to expect that the Court would search throughout the various filings to locate his claims. However, even though Edwards is proceeding pro se and is therefore entitled to liberal construction of his arguments, "Judges are not like pigs, hunting for truffles buried in briefs." De la O v. Housing Auth. of El Paso, 417 F.3d 495, 501 (5th Cir.2005) (quoting United States v.

---

[56] ECF No. 10 at 5, 7-8, 10.

Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). Further, due to the rambling and disjointed nature of Edwards's voluminous filings in support of his petition, which are mostly bereft of legal support, it is virtually impossible to discern with any degree of certainty precisely what other claims he is attempting to assert in these proceedings.

Accordingly, in the instant case, the Court will instead use an alternative approach. First, the Court will determine which claims Edwards fairly presented to the Louisiana Supreme Court, because only those claims can even arguably be considered exhausted. Second, the Court will then determine whether Edwards's federal applications assert any other claims – if so, then those other claims, whatever they may be, are necessarily unexhausted. See Richard v. Cain, Civ. Action No. 14-2513, 2016 WL 1445181, at *2-4 (E.D. La. Apr. 13, 2016) (holding that where petitioner presented only one of his claims to the Louisiana Supreme Court, his remaining claims were necessarily unexhausted).

On direct appeal to the Louisiana Fourth Circuit, Edwards, through counsel, raised the following claims: (1) the state violated his right to due process under Napue v. Illinois, 360 U.S. 264 (1959), by eliciting and using false testimony that misrepresented the credibility of witnesses Mashonda Johnson and Torrie Williams; (2) the prosecutor's repeated elicitation to accusatory testimonial hearsay deprived Edwards of a fair trial.[57] The Louisiana Supreme Court's decision denying Edwards's counseled writ application which raised these claims is considered a final adjudication of those claims and, therefore, those claims are considered exhausted.

Edwards filed a pro se brief with the Louisiana Fourth Circuit on direct appeal raising additional claims including: (1) improper closing argument; (2) the murder weapon was illegally seized and the disc of his jailhouse telephone calls was tainted; (3) ineffective assistance of

---

[57] ECF No. 30-5 at 1-31, Appellate Brief, 2021-KA-0494, dated October 18, 2021.

counsel; and (4) he was not subject to the trial court's jurisdiction due to his Moorish nationality.[58] However, his pro se writ application to the Louisiana Supreme Court was not considered as it was untimely.[59] His request for reconsideration was denied.[60] Claims presented in an untimely writ application have not been "fairly presented" for exhaustion purposes. See, e.g., Jackson v. Vannoy, Civ. Action No. 17-00265, 2018 WL 1441154, at *7 (E.D. La. Feb. 27, 2018), adopted, 2018 WL 1409270 (E.D. La. Mar. 21, 2018), appeal dismissed, 2019 WL 13218244 (5th Cir. Jan. 31, 2019) (per curiam). Thus, those claims are not exhausted.

Accordingly, in summary, the undersigned finds that only **two** of Edwards's claims are even arguably exhausted for federal purposes: the counseled direct-review claims. As noted above, these are that (1) the state violated his right to due process under Napue v. Illinois, 360 U.S. 264 (1959), by eliciting and using false testimony that misrepresented the credibility of witnesses Mashonda Johnson and Torrie Williams; and (2) the prosecutor's repeated elicitation to accusatory testimonial hearsay deprived Edwards of a fair trial.[61] However, in addition to those claims, Edwards is obviously attempting to assert numerous other unexhausted claims in his voluminous federal filings including, but not limited to, ineffective assistance of counsel claims. Edwards's federal application therefore asserts both exhausted and unexhausted claims, and, as a result, the application is a "mixed" petition subject to immediate dismissal on that basis.

That said, the undersigned notes that Edwards has an alternative which would allow him to avoid such a dismissal if he desires. Because the two claims identified herein as being exhausted are ripe for federal review, Edward may choose to file **an amended and superseding petition** asserting **only those two claims**. See Rose v. Lundy, 455 U.S. 509, 520 (1982) ("Those prisoners

---

[58] ECF No. 30-6 at 1-9, Pro Se Supplemental Brief, 2021-KA-0494, dated October 25, 2021.
[59] State v. Edwards, 338 So. 3d 1184 (La. 2022); ECF No. 30-32 at 1.
[60] State v. Edwards, 346 So. 3d 805 (La. 2022); ECF No. 30-32 at 2.
[61] ECF No. 30-5 at 1-31, Appellate Brief, 2021-KA-0494, dated October 18, 2021.

who ... submit mixed petitions ... are entitled to resubmit a petition with only exhausted claims...."); see also Neslo v. Cain, No. 97-31025, 1998 WL 546499 (5th Cir. Aug. 10, 1999); Walker v. Vannoy, Civ. Action No. 15-6809, 2016 WL 1705085, at *2 (E.D. La. Apr. 4, 2016); Williams v. Tanner, Civ. Action No. 14-2963, 2015 WL 5307730 (E.D. La. Sept. 10, 2015).[62]  *If Edwards elects to file a motion for leave to amend his federal petition in that manner after receiving this Report and Recommendation*, it is recommended that the motion be granted and that this matter be recommitted to the undersigned United States Magistrate Judge for consideration of those claims.[63]  See Richard v. Vannoy, Civil Action No. 16-2447, 2016 WL 3950762, at *3-4 (E.D. La. June 29, 2016), adopted, 2016 WL 3902593 (E.D. La. July 19, 2016).

*On the other hand, if Edwards elects not to amend his application in the foregoing manner*, then the undersigned instead recommends that the instant petition be dismissed without prejudice for the reasons stated herein.

### IV. Non-Habeas Claims

If a habeas petition combines habeas claims with non-habeas claims, such as civil rights claims arising under 42 U.S.C. § 1983, the non-habeas claims should be separated for independent consideration.  See, e.g., Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987).  Although Edwards's original pleading and his subsequent filings in the instant case are difficult to decipher, it appears that he is in fact attempting to assert such non-

---

[62] **If Edwards chooses that alternative, it would be sufficient, given his inability to express himself clearly and concisely, for his amended and superseding petition simply to state that he is asserting *only the two claims counsel asserted and exhausted on direct appeal* – such a statement would adequately alert the Court to the nature of his claims without risking extraneous statements or allegations which could, once again, potentially cause exhaustion problems.**

[63] **Edwards is hereby expressly advised that a federal court will normally entertain only one federal habeas corpus petition challenging a conviction.  Therefore, if he elects to proceed to review of *his two exhausted claims* at this time, he may well be precluded from seeking review of his unexhausted claims in a future federal application.  See 28 U.S.C. § 2244.**

13

habeas claims in this proceeding. The following three considerations lead the Court to that conclusion.

**First, the persons sued.** The proper respondent in a habeas proceeding is a petitioner's custodian. See, e.g., Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004); Brain R. Means, Federal Habeas Manual § 1:94 (May 2023 Update) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). However, although Edwards has here named his custodian, Louisiana State Penitentiary Warden Tim Hooper, he has **also** sued various **other** individuals and entities, such as those involved in his arrest and prosecution.[64]

**Second, the forms of relief sought.** Here, Edwards has sought forms of relief available under the habeas statute, such as the vacation of his sentence.[65] However, he has **also** sought various **other** forms of relief, such as monetary damages,[66] which are unavailable in a habeas proceeding. Muhammad v. Close, 540 U.S. 749, 750 (2004) (noting that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," but that some forms of relief are "unavailable in habeas, notably damages"); see also Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

**Third, substance of the claims.** Some of Edwards's claims challenge the fact or duration of his imprisonment and, therefore, are proper habeas claims. However, he **also** appears to assert **other** claims, such as claims that his personal property has been illegally confiscated,[67] that are

---

[64] ECF No. 1 at 1, 15; ECF No. 8 at 1.
[65] ECF No. 8 at 15.
[66] ECF No. 1 at 22 (listing "[r]emuneration" as one of the forms of relief requested); ECF No.8 at 15 (same); see also ECF No. 25 at 4 (requesting monetary damages).
[67] ECF No. 13 at 3 (claiming deprivation of "clothing, property, law work and law books").

not cognizable in a habeas proceeding – but which could perhaps be pursued in another type of proceeding, such as a lawsuit brought pursuant to 42 U.S.C. § 1983. See, e.g., Birl v. Thaler, 470 F. App'x 362 (5th Cir. 2012).

Accordingly, it appears that Edwards is attempting to bring a "hybrid" proceeding asserting claims under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983. As noted, when confronted with such a situation, a court should separate the § 2254 claims from the § 1983 claims. Serio, 821 F.2d at 1119. Once separated, the court can then consider the claims, and, if possible, dispose of them under laws and jurisprudence applicable to each. However, for the following two reasons, the undersigned finds that it would not be appropriate to consider Edwards's § 1983 claims in this proceeding.

First, at present, Edwards's § 1983 claims have not been properly pleaded. The Federal Rules of Civil Procedure require that a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Edwards's pleadings fall far short of that requirement. Indeed, his pleadings are so vague and unintelligible that, in their present form, they cannot reasonably be said to give the intended defendants fair notice of the claims against them, much less an adequate opportunity to formulate a response.

Second, and more importantly, because Edwards is a prisoner, **any of his claims arising under § 1983 are subject to the filing fee and other requirements of the Prison Litigation Reform Act.** He should not be allowed to evade those requirements by the subterfuge of simply incorporating his claims in a habeas petition. See, e.g., Jaramillo v. Director, TDCJ-CID, Civ. Action No. 6:22cv405, 2022 WL 18494929, at *5 (E.D. Tex. Nov. 4, 2022) ("Congress could not have intended, and this Court declines to hold, that prisoners can evade the filing fees on § 1983 lawsuits by the simple expedient of filing such claims in habeas corpus petitions, to which the fees

15

of the Prison Litigation Reform Act do not apply."), adopted, 2023 WL 1073680 (E.D. Tex. Jan. 27, 2023), appeal dismissed, Jaramillo v. Lumpkin, No. 23-40153, 2023 WL 5925898 (5th Cir. April 18, 2023); see also McCullough v. Director, TDCJ-CID, Civ. Action No. 6:22cv314, 2023 WL 7007556, at *5 (E.D. Tex. Sept. 11, 2023), adopted, 2023 WL 7006796 (E.D. Tex. Oct. 24, 2023) (dismissing without prejudice other issues, such as prison disciplinary action, release on mandatory supervision, and conditions of confinement, raised in a petition for habeas corpus).

Accordingly, Edwards's § 1983 claims, if any, should be dismissed without prejudice to his right to raise them in a separate lawsuit filed (1) pursuant to 42 U.S.C. § 1983 utilizing the appropriate complaint form and (2) in conformity with the Prison Litigation Reform Act.

## V. Pending Motions

Also pending are three motions filed by Edwards.[68] While the first motion is entitled in part "Memorandum in Support of Motion to [sic] Leave to Amend Complaint," Edwards appears to claim that he is not governed by the laws of the United States.[69] In that motion, he appears to seek an evidentiary hearing, transcript, and immediate release.[70] His second motion requests that he be returned to New Orleans.[71] His third motion appears to seek discovery.[72]

As addressed fully herein, Edwards is not entitled to a review of his habeas claims on the merits because the majority of his claims are not exhausted. Hence, he has not shown good cause to warrant discovery in this matter. *See* Rule 6(a) - Section 2254 Cases; *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007) (citing *Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)) (good cause may exist "where specific allegations before the court show

---

[68] ECF Nos. 12, 15 and 16.
[69] ECF No. 12.
[70] Id. at 3, 5.
[71] ECF No. 15.
[72] ECF No. 16.

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."). To the extent that Edwards seeks discovery related to his non-habeas claims, his request is moot in light of this Court's recommendation that his non-habeas claims be dismissed without prejudice.

To the extent that Edwards seeks immediate release, again, he has not exhausted a majority of his habeas claims. Thus, he is not entitled to release. Further, release from custody is not available under § 1983. *Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *adopted*, 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *adopted*, 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

Accordingly, **IT IS ORDERED** that Edwards's Motion for Leave to Amend Complaint (ECF No. 12), Motion for Transfer (ECF No. 15), and Motion for Discovery (ECF No. 16) are **DENIED**.

## RECOMMENDATION

It is therefore **RECOMMENDED** that:

(1) *Unless petitioner amends his federal applications to omit any and all unexhausted claims*, the federal application for habeas corpus relief filed by Antoine Edwards be **DISMISSED WITHOUT PREJUDICE**.

(2) Edwards's non-habeas claims be **DISMISSED WITHOUT PREJUDICE** to his right to raise them in a separate lawsuit filed pursuant to 42 U.S.C. § 1983 and in conformity with the Prison Litigation Reform Act.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 12th day of December, 2023.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**